IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IRON MOUNTAIN INFORMATION )
MANAGEMENT, INC., )
  )
       Plaintiff, )
  )
   v. )     Civil No. 05-10979-DPW
  )
L & L TEMPORARIES, INC., )
FLEXIBLE FUNDING, LLC, and THE )
UNITED STATES OF AMERICA THROUGH )
THE INTERNAL REVENUE SERVICE, )
  )
       Defendants. )

## UNITED STATES' ANSWER TO FIRST AMENDED COMPLAINT

The United States responds to the specific allegations of the complaint as follows:

1.    *Iron Mountain, the world's leader for outsourced records and information management services, entered into contracts with L&L in 2004 pursuant to which L&L was to provide and did provide temporary employment services, i.e., temporary labor, for Iron Mountain in the Greater Boston area.  L&L allegedly signed and executed an accounts financing agreement with Flexible Funding whereby L&L factored its accounts receivable including, allegedly, any amounts due to L&L from Iron Mountain. L&L and Flexible Funding are now making competing, adversarial claims on certain monies due and owing, but that Iron Mountain is holding (the Escrowed Funds"), for temporary labor provided by L&L.  Iron Mountain has received a Notice of Levy from the IRS requesting that Iron Mountain turn over a certain portion of the Escrowed Funds to the United States Treasury and thus, the IRS is now making a competing adversarial claim to a certain portion of the Escrowed Funds.  Iron Mountain seeks to have the Claimants*

- 2 -

*interplead to determine their disputed, adversarial interests in the Escrowed Funds. Iron*

*Mountain also seeks a binding declaratory judgment and order from the Court declaring*

*whether Iron Mountain is liable to L&L or Flexible Funding for any allegedly unpaid*

*invoices. Finally, Iron Mountain seeks compensatory relief for damages that it has*

*incurred.*

RESPONSE:  The United States admits that the IRS has served a Notice of Levy on Iron

Mountain and claims an interest in the Escrowed Funds by virtue of federal tax

liens. The United States is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in ¶ 1 of the amended complaint.

2.    *Interpleader-plaintiff Iron Mountain is a Delaware corporation with a principal place of*

*business located at 1000 Campus Drive, Collegeville, Pennsylvania. Iron Mountain is a*

*wholly-owned subsidiary of Iron Mountain Incorporated (NYSE:IRM).*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 2 of the amended complaint.

3.    *Interpleader-defendant L&L is, upon information and belief, a Massachusetts*

*corporation with a principal place of business located at 101 Tremont Street, Boston,*

*Massachusetts.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 3 of the amended complaint.

4.    *Interpleader-defendant Flexible Funding is, upon information and belief, a California*

*limited liability company with a principal place of business located at 1 Embarcadero*

*Center, San Francisco, California.*

- 3 -

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 4 of the amended complaint.

5.      *The Interpleader-defendant United States of America, through the IRS, maintains a local*

*office at 1 Montvale Avennue, Stoneham, Massachusetts.*

RESPONSE:   The United States admits that the Internal Revenue Service maintains a field

office at 1 Montvale Avenue, Stoneham, Massachusetts, but avers that the proper

defendant is the United States of America.

6.      *This Court has original jurisdiction over the subject matter of this action pursuant to the*

*provisions of 28 U.S.C. § 1335 in that this is an action for interpleader or in the nature of*

*interpleader and there is diversity of citizenship between the Claimants and the amount*

*in controversy is more than $500.00.  This Court also has jurisdiction over the subject*

*matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy*

*exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between*

*citizens of different states.*

RESPONSE:   The United States admits that, if the allegations of ¶ ¶ 2,3, and 4 of the amended

complaint are true, the Court has subject-matter jurisdiction.

7.      *Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1397 in that one*

*or both of the Claimants reside in and are subject to personal jurisdiction in*

*Massachusetts.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391 in that*

*a substantial part of the events or omissions giving rise to the dispute occurred in this*

*judicial district.*

- 4 -

RESPONSE:  If the allegations of ¶ 3 are true, the United States admits the allegations contained

in ¶ 7 of the amended complaint.

8.     *By written agreement dated April 20, 2004 (the "Contracts"), Iron Mountain and L&L*

*agreed, among other things, that L&L would provide temporary labor to Iron Mountain.*

*True copies of the Contracts are annexed hereto collectively as Exhibit A.  The Contracts*

*further provide that L&L is responsible for payment of all employment, withholding, and*

*other tax obligations arising as a result from the services provided by L&L under the*

*Contracts.*

RESPONSE:  The United States admits that attached to the amended complaint as Exhibit A are

purported copies of the "contracts" identified above.  The United States is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 8 of the amended complaint.

9.     *Pursuant to the Contracts, L&L agreed to maintain complete and accurate accounting*

*records in a form in accordance with standard accounting practices and retain such*

*records (and make them available to Iron Mountain for review) for one (1) year from the*

*final date of payment.  Iron Mountain and L&L also agreed that L&L would bill monthly*

*for the services provided and L&L agreed to provide a signed time slip with the invoices.*

RESPONSE:  The United States admits that ¶ 4 of the attached purported "temporary services

agreement" states as indicated above.  The United States is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in ¶ 9 of the amended complaint.

- 5 -

10.     *Pursuant to the Contracts, L&L and Iron Mountain agreed that Iron Mountain's*

*payments would be directed to:*

        *L&L Temporaries, P.O. Box 1300, Suisin City, CA 94585-4300,* _____

_____ *syerdon@lnlassociates.com (617) 423-4955*

RESPONSE:    The United States admits that ¶ 4 of the attached purported "temporary services

agreement" states that the invoices should be directed to the address listed above.

The United States is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in ¶ 10 of the amended

complaint.

11.     *One of the contracts provides that it may not be assigned without the written permission*

*of the non-assigning party.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 11 of the amended complaint.

12.     *The Contracts, by their terms, are governed by Massachusetts law.*

RESPONSE:    The United States admits that ¶ 16 of the purported "temporary services

agreement" provides that the agreement shall be construed in accordance with

Massachusetts law.

13.     *Pursuant to the Contracts, any notices to Iron Mountain were required to be sent to*

*either:*

        *Iron Mountain Information Management, Inc., 745 Atlantic Avenue, Boston, MA*

*02111, Attn: Garry Watzke, Vice President and General Counsel, Telefax: 617-*

*368-9117.*

- 6 -

*-or-*

*Iron Mountain Information Management, Inc., 96 High Street, North Billerica,*

*MA 01862, Attn: General Manager*

REPSONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 13 of the amended complaint.

14.    *On or about February 18, 2004, which was more than two (2) months before Iron*

*Mountain and L&L entered into the Contracts, Flexible Funding, through its Boston*

*counsel, allegedly sent a letter to one of Iron Mountain's facilities at 32 George Street,*

*Boston, Massachusetts, advising Iron Mountain that Flexible Funding had financed L&L*

*and that all loans to L&L were secured by a first priority lien in the accounts receivable*

*of L&L.  In its February 18, 2004 letter, Flexible Funding also claimed it had discovered*

*in a review of its records that certain payments allegedly due from Iron Mountain had*

*been misdirected.  Flexible Funding's letter further directed Iron Mountain to make*

*payments to P.O. Box 1300 Suisin City, CA 94585-4300.  At the time of the February 18,*

*2004, letter from Flexible Funding to Iron Mountain, Iron Mountain did not have any*

*business relationship with and did not owe any money to L&L; accordingly, such letter*

*was of no interest or import to Iron Mountain.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 14 of the amended complaint.

15.    *One year later, on or about February 18, 2005, Flexible Funding, again through its*

*Boston counsel, sent a letter to Iron Mountain's general counsel.  In its February 18,*

*2005 letter, Flexible Funding stated that certain payments had not been received by*

- 7 -

*Flexible Funding and advised Iron Mountain that Flexible Funding is the assignee of*

*L&L present and future accounts (though one year earlier it stated that Flexible Funding*

*was merely a lienholder) and directed that all payments on L&L invoices should be sent*

*to Flexible Funding in California.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 15 of the amended complaint.

16.    *On March 9, 2005, Shelly Baldwin, Collector II at Euler Hermes ACI, located in Owings*

*Mills, Maryland and which claims to be a creditor insurer representing Flexible*

*Funding, wrote to Iron Mountain regarding 27 invoices that Flexible Funding asserted*

*were owed and unpaid by Iron Mountain.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 16 of the amended complaint.

17.    *On March 15, 2005, in an effort to correct Euler Hermes' misunderstanding, Iron*

*Mountain responded to Ms. Baldwin and explained that of the 27 invoices identified in*

*Ms. Baldwin's letter, Iron Mountain's records reflected only 11 such invoices issued by*

*L&L.  Iron Mountain further explained that it had paid all 11 invoices in full (and*

*provided a chart outlining when and in what manner each invoice had been paid).*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 17 of the amended complaint.

18.    *On March 17, 2005, Iron Mountain wrote to Flexible Funding's Boston counsel*

*explaining that, based on Iron Mountain's own internal investigation, it did not believe*

*that Flexible Funding's statement that certain payments due from Iron Mountain to L&L*

- 8 -

*had been misdirected was accurate.  In that March 17, 2005 letter, Iron Mountain*

*requested that Flexible Funding provide the information and documentary support of its*

*assertion of misdirected payments.  Pursuant to Section 9-405(c) of the Massachusetts*

*Uniform Commercial Code, Mass. Gen. Laws c. 106, §9-405(c), Iron Mountain also*

*requested proof of Flexible Funding's entitlement to payment of any L&L invoice to Iron*

*Mountain.  Flexible Funding did not provide any such proof to Iron Mountain, as*

*required by the statute.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 18 of the amended complaint.

19.     *On March 17 and 18, 2005, Ms. Baldwin of Euler Hermes ACI responded to Iron*

*Mountain's letter of March 15, 2005 referred to in paragraph 16, supra.  Ms. Baldwin*

*asserted, incorrectly, that there were many L&L invoices that had either been unpaid, or*

*"short-paid" or that payments had been misdirected.  In connection with her letters of*

*March 17 and 18, 2005, Ms. Baldwin enclosed copies of invoices that had allegedly been*

*sent to Iron Mountain for services that L&L had allegedly provided to Flexible Funding.*

*Ms. Baldwin also enclosed what she alleged were computer screen prints from Iron*

*Mountain's accounts payable system showing amounts which Iron Mountain allegedly*

*owed to L&L (and thus allegedly owed to Flexible Funding).*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 19 of the amended complaint.

20.     *On March 30, 2005, Iron Mountain sent a letter to Ms. Baldwin of Euler Hermes ACI*

*responding comprehensively to all of the issues that Ms. Baldwin had raised to date.  As*

- 9 -

*for the "short-paid" invoices, Iron Mountain explained, among other things, that in each and every instance where Flexible Funding's records indicate that Iron Mountain "short-paid" an invoice, the amount that L&L allegedly reported to Flexible Funding as being invoiced to Iron Mountain differed, in many cases very significantly, from the amount of the actual invoice which L&L sent to Iron Mountain.  Iron Mountain further explained that where Flexible Funding's records allegedly indicate that Iron Mountain failed to pay L&L invoices, Iron Mountain did not receive any of those invoices, and, in any event, L&L did not perform any of the services purportedly reflected on those unpaid invoices such that Iron Mountain would not have paid them if they had been received.  Finally, with respect to the alleged computer screen prints that Ms. Baldwin included in her previous letter, Iron Mountain pointed out that they "appear to be hand-modified screen prints" (i.e., forged) and explained the factual basis for this conclusion.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the amended complaint.

21.     *Upon information and belief, L&L submitted inaccurate documentation, including documents purporting to be invoices from L&L to Iron Mountain that were not actually sent to Iron Mountain, to Flexible Funding with inflated invoices in an effort to borrow more money than it was entitled to borrow from the accounts financing agreement between L&L and Flexible Funding.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the amended complaint.

- 10 -

22.     *By electronic mail dated December 1, 2004, from L&L's President, Susan Yerdon, L&L*

*informed Iron Mountain that its accounts financing agreement with Flexible Funding had*

*been terminated and that all payments should be made to L&L's offices on Tremont*

*Street in Boston. Upon being so advised, and still not having received any proof of*

*Flexible Funding's entitlement to direct payments from Iron Mountain on L&L invoices,*

*Iron Mountain escrowed any amounts owed (i.e., the Escrowed Funds) and attempted to*

*determine to whom it should make any payments.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 22 of the amended complaint.

23.     *As of January 12, 2005, L&L's invoices to Iron Mountain stated that payments were to be*

*remitted to L&L's Tremont Street office in Boston.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 23 of the amended complaint.

24.     *On June 3, 2005, Iron Mountain received a Notice of Levy, identifying number: 02-*

*0581393, from the IRS. A true copy of the Notice of Levy is attached hereto as Exhibit B.*

*The Notice of Levy states that it "IS NOT A BILL FOR TAXES YOU [i.e. IRON*

*MOUNTAIN] OWE, THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT THE*

*MONEY OWED BY THE TAXPAYER NAMED ABOVE." The Notice of Levy identifies*

*L&L as the taxpayer.*

RESPONSE:   The United States admits the allegations contained in ¶ 24 of the amended

complaint. The United States further avers that it claims an interest in this

proceeding pursuant to Notices of Federal Tax Lien filed with the Suffolk County

- 11 -

Registry of Deeds and the United States District Court for the District of

Massachusetts.

25.      *The Notice of Levy states that the total amount due by L&L amounts to $162,583.65.  The*

*Notice of Levy further states that "there is a lien for the amount that is owed."*

RESPONSE:   The United States admits that the Notice of Levy indicates that the total amount

due for the 941 liability for the period ending June 30, 2004, was $162.583.65 as

of June 25, 2005, and that there is a lien against the property and rights to property

of L&L with regard to this liability.

26.      *The Notice of Levy is dated May 26, 2005 and requests that any replies be directed to:*

*Internal Revenue Service, Robert F. Kay, 1 Montvale Ave., Stoneham, MA 02180.*

RESPONSE:   The United States admits the allegations contained in ¶ 26 of the amended

complaint.

27.      *The Claimants have claimed a conflicting, adversarial interest in the Escrowed Funds,*

*which currently total $262,910.84.  Iron Mountain has no basis for forming an*

*independent opinion as to which of the competing claims is meritorious.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 27 of the amended complaint.

28.      *Flexible Funding recently filed a complaint against Iron Mountain in a California state*

*court in San Francisco (the "California Action").  However, Flexible Funding did not*

*name L&L as a party in the California action.  The presence of L&L as a party is*

*necessary for a complete adjudication of the rights and obligations of the parties in*

*respect to the subject matters of this action.*

- 12 -

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the amended complaint.

29.    *Iron Mountain incorporates by reference herein the allegations in paragraphs 1 through and including 28 as if set forth in full herein.*

RESPONSE:  The United States incorporates by reference each of its responses to ¶¶ 1-28, inclusive, as if set forth fully herein.

30.    *Due to the Claimants' competing claims, Iron Mountain is exposed to and unfairly risks the possibility of multiple or conflicting liability.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the amended complaint.

31.    *The burden of unnecessary litigation and the risk of loss by Iron Mountain resulting from exposure to the possibility of multiple or conflicting liability will be best avoided by an interpleader action.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the amended complaint.

32.    *Iron Mountain accordingly requests that the Court authorize this interpleader action to proceed and permit Iron Mountain either to continue to hold the Escrowed Funds until such time as the Claimants' competing claims have been resolved or to deposit same with the Clerk of this Court.*

RESPONSE:  This paragraph contains no factual allegations and no response is required.

33.    *Iron Mountain incorporates by reference herein the allegations in paragraphs 1 through and including 32 as if set forth in full herein.*

- 13 -

RESPONSE:  The United States incorporates by reference its responses to ¶ ¶ 1-32 as if restated fully herein.

34.     *Flexible Funding claims that Iron Mountain has misdirected payments to L&L when those payments should be delivered to Flexible Funding.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the amended complaint.

35.     *Flexible Funding claims that Iron Mountain has failed to pay or has "short-paid" invoices due and owing from L&L.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the amended complaint.

36.     *Contrary to these claims, Iron Mountain has not misdirected payments and has paid all invoices that have been properly presented to Iron Mountain.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 36 of the amended complaint.

37.     *Iron Mountain and the Claimants have adverse legal interests and an actual controversy exists and is continuing between Iron Mountain on the one hand, and the Claimants on the other.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the amended complaint.

38.     *The dispute between Iron Mountain and Claimants is an actual, real and substantial controversy that is justiciable by this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201.*

- 14 -

RESPONSE:  The United States denies ¶ 38 of the complaint and states that actions involving federal taxes, other than those brought pursuant to 26 U.S.C. § 7428, are specifically exempted from the provisions of the Declaratory Judgment Act.

39.    *By reason of the foregoing, Iron Mountain is entitled to a conclusive decree declaring its rights and legal obligations as they relate to the Claimants' claims and to a preliminary and permanent injunction enjoining and restraining the Claimants and others from instituting or proceeding with any action or suit against Iron Mountain in any other jurisdiction, including but not limited to the California Action, with respect to or in any way relating to or arising out of the agreements, transactions, or occurrences that are the subject matters of this complaint.*

RESPONSE:  The United States denies the allegations contained in ¶ 39 of the amended complaint with regard to its claims in this matter.

40.    *Iron Mountain incorporates by reference herein the allegations contained in paragraphs 1 through and including 40 as if set forth herein.*

RESPONSE:  The United States incorporates by reference its responses to ¶¶ 1 through 40, inclusive, as if restated fully herein.

41.    *Iron Mountain and L&L, for good and valuable consideration, entered into the Contracts.  The Contracts reflect valid and binding legal obligations of Iron Mountain and L&L, enforceable in accordance with their terms.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the amended complaint.

- 15 -

42.     *Upon information and belief, L&L breached the Contracts, by, according to Flexible Funding, assigning the Contracts to Flexible Funding.  Upon further information and belief, L&L breached the Contracts by not paying the required taxes to the IRS.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the amended complaint.

43.     *Iron Mountain has fully performed its duties and obligations under the Contracts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 43 of the amended complaint.

44.     *As a direct and proximate result of L&L's breach, Iron Mountain has suffered or is at risk of suffering damages.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 44 of the amended complaint.

45.     *Iron Mountain incorporates by reference herein the allegations contained in paragraphs 1 through and including 45 as if set forth herein.*

RESPONSE:   The United States incorporates by reference its responses to ¶ ¶ 1 - 44 as if restated fully herein.

46.     *By electronic mail dated December 1, 2004, from L&L's President, Susan Yerdon, L&L represented to Iron Mountain that the accounts financing agreement between L&L and Flexible Funding had been terminated and that Iron Mountain should make all payments to L&L directly.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the amended complaint.

- 16 -

47.     *Iron Management relied upon L&L's representations regarding the termination of the accounts financing agreement between L&L and Flexible Funding.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the amended complaint.

48.     *Upon information and belief, L&L's representations regarding the termination of the accounts financing agreement between L&L and Flexible Funding were false.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the amended complaint.

49.     *As a result of L&L's misrepresentations and Iron Mountain's reliance thereon, Iron Mountain has suffered or is at risk of suffering damages in an amount to be ascertained at trial.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the amended complaint.

50.     *Iron Mountain incorporates by reference herein the allegations contained in paragraph 1 through and including 50 as if set forth herein.*

RESPONSE:   The United States incorporates by reference its responses to ¶ ¶ 1 through 49, inclusive, as if restated fully herein.

51.     *L&L's conduct, as set forth above, constitutes unfair and deceptive acts and practices in the conduct of trade or commerce in violation of Mass. Gen. Laws c. 93A, §2, actionable under § 11.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the amended complaint.

- 17 -

52.    *Upon information and belief, among other unfair and deceptive acts and practices, L&L provided false and fraudulent invoices to Flexible Funding and forged Iron Mountain print screens in an effort to show to its factoring agent that Iron Mountain owed more to L&L than was actually due.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the amended complaint.

53.    *L&L's unfair and deceptive acts occurred primarily and substantially in Massachusetts.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the amended complaint.

54.    *As a direct and proximate result of such unfair and deceptive acts and practices, Iron Mountain is exposed to a loss of its money or property in an amount to be determined at trial.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 54 of the amended complaint.

55.    *L&L's conduct has been a knowing and willful violation of Mass. Gen. Laws c. 93A, § § 2 and 11, and, as a result, Iron Mountain is entitled to treble damages and reasonable attorneys fees.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of the amended complaint.

WHEREFORE, the United States respectfully requests that this Court:

(1)    order payment of the escrowed funds into the Court;

- 18 -

(2)    order that payment be made of those escrowed funds pursuant to the priority

       determined by this Court; and

(3)    such other and further relief as this Court deems just, including the payment of

       costs and attorneys' fees.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                              /s/ Lydia Bottome Turanchik
                              LYDIA BOTTOME TURANCHIK
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 55
                              Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 307-6560
                              Lydia.D.Bottome@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 12th day of August, 2005:

> Samual A. Miller, Esq.
> Sullivan & Worcester, LLP
> One Post Office Square
> Boston, Massachusetts 02109
>
> Flexible Funding
> 1 Embarcadero Center
> San Francisco, California 94111
>
> L&L Temporaries
> 101 Tremont Street
> Boston, Massachusetts 02108

> /s/ Lydia Bottome Turanchik
> LYDIA BOTTOME TURANCHIK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 307-6560