UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| IRON MOUNTAIN INFORMATION ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Interpleader-Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO:  1:05-10979 DPW |
| L&L TEMPORARIES, INC., ) | |
| FLEXIBLE FUNDING, LLC, and ) | |
| THE UNITED STATES OF AMERICA ) | |
| THROUGH THE INTERNAL REVENUE ) | |
| SERVICE, ) | |
| ) | |
| Interpleader-Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF JOINT MOTION
TO CONTINUE SCHEDULING CONFERENCE**

Pursuant to Local Rule 40.3, Interpleader-Plaintiff Iron Mountain Information

Management, Inc. ("Iron Mountain") and Interpleader-Defendant the United States of America

through the Internal Revenue Service (the "IRS" and together with Iron Mountain, the "Parties"),

are jointly moving to continue the scheduling conference currently scheduled for October 13,

2005 in this action until November 2005.

The Parties have good cause for the requested continuance -- the Parties, with

Interpleader-Defendant Flexible Funding, LLC, ("Flexible Funding"), are actively discussing a

global resolution of all outstanding issues; a motion to transfer a related action (the "California

Action") filed in the United States District Court for the Northern District of California (the

"California Court") to this Court has recently been granted and will likely be consolidated with

{B0450281; 1}

-2-

this action; and Iron Mountain is preparing to amend it's Complaint for Interpleader, Declaratory

Judgment and Injunctive Relief.

**Background**

On May 11, 2005, Iron Mountain filed in this Court a complaint for interpleader,

declaratory judgment and injunctive relief against L&L Temporaries, Inc. ("L&L") and Flexible

Funding and served L&L and Flexible Funding with a summons and a copy of that complaint on

or about May 16, 2005.  Subsequently, on June 9, 2005, Iron Mountain filed a first amended

complaint for interpleader, declaratory judgment and injunctive and compensatory relief (the

"First Amended Complaint") against L&L, Flexible Funding, and the United States of America

through the Internal Revenue Service (the "IRS").  Following the filing of the First Amended

Complaint, Iron Mountain discovered a previously unknown business relationship between Iron

Mountain and L&L not evidenced by a contract.  In light of this discovery, a correction to the

pleadings is required, and Iron Mountain will be moving this Court for leave to amend the

Complaint.

On April 13, 2005, Flexible Funding filed a complaint against Iron Mountain in the

Superior Court of the State of California for the repayment of monies owed in connection with

the above captioned matter.  That action was removed to the California Court, where Iron

Mountain then moved to, among other things, have the action transferred to this Court.  On

September 30, 2005, Iron Mountain's motion for transfer was granted.  A true and correct copy

of the order granting the transfer is attached hereto as **Exhibit A**.

The Parties and Flexible Funding are actively discussing a global resolution of all of

these issues and are confident that it can be resolved without expensive discovery practice.

{B0450281; 1}

## Discussion

Under Local Rule 40.3, the scheduling conference can be continued provided that the parties show good cause for a continuance.  Good cause exists to continue the currently-scheduled scheduling conference.  First, the Parties and Flexible Funding are actively discussing a global resolution of all outstanding issues.  A resolution, without resorting to costly discovery, will serve to save the Parties, as well as the Court, significant time and resources (including the time and resources necessary to prepare for and attend the scheduling conference).  Second, given the California court's approval of the motion to transfer the California Action, the Parties and Flexible Funding need to make arrangements for that action to be consolidated with this action.  Finally, Iron Mountain is preparing to amend it's Complaint for Interpleader, Declaratory Judgment and Injunctive Relief to correct a historical allegation regarding the relationship between Iron Mountain and L&L.  In light of the Parties' and Flexible Funding's efforts to resolve all outstanding issues and the fluid nature of the pleadings, there is good cause to continue the scheduling conference for approximately one month.

## Conclusion

In light of current settlement talks, Iron Mountain's need to amend it's complaint for interpleader, declaratory judgment and injunctive and compensatory relief and the  procedural posture of the recently transferred action the Parties ask this Court to grant their Joint Motion to Continue Scheduling Conference, filed contemporaneously herewith.

{B0450281; 1}

-4-

October 11, 2005

| **IRON MOUNTAIN INFORMATION MANAGEMENT, INC.** | **THE UNITED STATES OF AMERICA THROUGH THE INTERNAL REVENUE SERVICE** |
|---|---|
| By its attorneys, | By its attorneys, |

_____/s/ Samual A. Miller_____
Larry L. Varn (BBO #508130)
*lvarn@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800

___/s/ Lydia Bottome Turanchik _____
Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6560

{B0450281; 1}

**EXHIBIT A**

United States District Court

For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    FLEXIBLE FUNDING, LLC,

10            Plaintiff,                          No. C 05-02082 JSW

11    v.                                          **ORDER GRANTING IN PART
                                                  AND DENYING IN PART
12    IRON MOUNTAIN INFORMATION                   DEFENDANT'S IRON
      MANAGEMENT,                                 MOUNTAIN'S MOTION TO
13                                                DISMISS AMENDED
              Defendant.                          COMPLAINT OR, IN THE
14                                                ALTERNATIVE, MOTION FOR
                                                  CHANGE OF VENUE**
15

16 _____/

17                        **INTRODUCTION**

18        This matter comes before the Court upon consideration of Defendant Iron Mountain

19 Information Management's ("Iron Mountain") Motion to Dismiss Amended Complaint or, In

20 the Alternative, Motion for Change of Venue.

21        Iron Mountain moves to dismiss this action pursuant to Federal Rules of Civil Procedure

22 12(b)(3) and 12(b)(6) on the grounds that Plaintiff Flexible Funding, LLC ("Flexible") filed this

23 action in an improper forum and that Flexible's amended complaint fails to state a claim on

24 which relief can be granted.  In the alternative, Iron Mountain moves for a change of venue to

25 the United States District Court for the District of Massachusetts.

26        Having considered the parties' pleadings and relevant legal authority, the Court finds

27 this matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The

28 Court HEREBY DENIES the motion to dismiss for failure to state a claim.  The Court

1    GRANTS the motion to transfer.

2                    **FACTUAL AND PROCEDURAL BACKGROUND**

3            According to Flexible's Amended Complaint, on or about January 13, 2003, Flexible

4    and L&L Temporaries, Inc. ("L&L") signed and executed an Accounts Receivable Financing

5    Agreement (the "Agreement"), whereby Flexible obtained rights in L&L's accounts receivable.

6    (Am. Compl., ¶ 5, Ex. A.)  L&L granted Flexible a security interest in all of L&L's accounts,

7    accounts receivable, contract rights, deposit accounts, bank accounts, and books, records, and

8    computer programs relating to the accounts.  (*Id.*, ¶ 5.)  This security interest was perfected by a

9    UCC-1 Financing Statement filed with the Secretary of State for the State of Massachusetts.

10   (*Id.*)  Flexible thereafter would advance L&L funds on invoices and received individual

11   assignments from L&L on those invoices.  (*Id.*, ¶¶ 5-8.)

12           L&L's accounts receivable for Iron Mountain were covered by the Agreement.  (*Id.*, ¶

13   10.)  On March 21, 2003, October 22, 2003, and December 9, 2004, Flexible sent letters to Iron

14   Mountain's accounts payable department.  (*Id.*, Exs. B, C, D.)  The first letter states that L&L

15   "has contracted to Flexible ... to provide financing services," and directs that current outstanding

16   and future invoices due should be mailed to L&L/Flexible at a post office box in California.

17   (*Id.*, Ex. B.)  The second two letters state that L&L has assigned its accounts receivable to

18   Flexible and direct that payments on current outstanding invoices be mailed to the same post

19   office box.  (*Id.*, Exs. C, D.)

20           Flexible alleges that Iron Mountain paid certain invoices directly to L&L in

21   contravention of the letters described above, which it contends are notices of assignment and

22   which require Iron Mountain to remit all payments on the invoices subject to the assignments to

23   Flexible.

24           On April 13, 2005, Flexible filed a complaint against Iron Mountain in the Superior

25   Court of the State of California, County of San Francisco.

26           On May 11, 2005, Iron Mountain filed an interpleader action in the United States

27   District Court for the District of Massachusetts, *Iron Mountain Management v. L&L*

28   *Temporaries, Inc., et al.*, 05-10979 DPW.

United States District Court

For the Northern District of California

2

1        On May 20, 2005, Iron Mountain filed a notice of removal on the basis of diversity

2   jurisdiction, and Flexible's state court action was removed to this Court.

3        On July 25, 2005, in response to a motion to dismiss, Flexible filed its amended

4   complaint.  On August 23, 2005, Iron Mountain filed the instant motion to dismiss.

5                     **ANALYSIS**

6   **A.**     **Motion to Dismiss for Failure To State A Claim.**

7        A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a

8   claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion

9   should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts

10   supporting his or her claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz*

11   *v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In ruling on a Rule 12(b)(6) motion, the complaint

12   is construed in the light most favorable to the non-moving party and all material allegations in

13   the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The

14   court, however, is not required to accept legal conclusions cast in the form of factual allegations

15   if those conclusions cannot reasonably be drawn from the facts alleged.  *Cleggy v. Cult*

16   *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S.

17   265, 286 (1986)).

18        Taking the facts set forth in the Amended Complaint as true and construing them in the

19   light most favorable to Flexible, the Court cannot find that there are no set of facts upon which

20   relief can be granted.  Flexible asserts it notified Iron Mountain that invoices had been assigned

21   to it and that Iron Mountain disregarded those notices and paid L&L directly.  To the extent

22   there are questions about the legal sufficiency of the notices, those questions are best addressed

23   by way of summary judgment.  If Iron Mountain believes a more definite statement is required,

24   it should so move.  The Rule 12(b)(6) motion is DENIED.

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

**B.      Motion to Transfer Under Section 1404(a).[1]**

Iron Mountain also seeks to have the Court transfer this action to the District Court in Massachusetts where the interpleader action is pending. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Iron Mountain bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

There is no dispute that Flexible could have sued Iron Mountain in the United States District Court for the District of Massachusetts. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

**1.      Plaintiff's Choice of Forum.**

The deference accorded to the Plaintiffs' chosen forum should be balanced against both the extent of a defendants' contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of

---

[1]      In light of the Court's ruling on the motion to transfer, it does not reach the question of whether this action was filed in an improper venue.

4

1  original selection and that forum has no particular interest in the parties or the subject matter, [a]

2  plaintiff's choice is only entitled to minimal consideration." *Id.*

3          Here, Flexible is a California company. Iron Mountain is a Delaware corporation and it

4  does not dispute that it does business within California. The invoices and notices at issue in this

5  litigation, however, were issued to Iron Mountain's office in Boston, Massachusetts. (*See* Am.

6  Compl., Exs. B-D.) The central dispute in *this* case aries from Flexible's allegations that Iron

7  Mountain failed to abide by its obligations to remit payments on those invoices to Flexible in

8  California. If the Court focuses on that fact alone, the operative facts of the complaint did occur

9  within the forum. However, Flexible's right to those payments derives from its Agreement with

10 L&L, a Massachusetts company, and in turn from L&L's agreement with Iron Mountain for

11 services provided in Massachusetts. Further, Flexible's security interest in L&L's accounts

12 receivable was perfected by a UCC filing in Massachusetts. Iron Mountain's contract with L&L

13 provides that payments are to be made to L&L at a California, which comports with the terms of

14 Flexible's contract with L&L. (*See* Am. Compl., Ex. A, § 5; Declaration of Steve Pescia, Ex. A,

15 § 4.)

16         On balance, the Court concludes that the central facts in *this* dispute arise from alleged

17 failure to remit payments allegedly due to Flexible in California, and because Flexible is a

18 forum resident, its choice of forum is entitled to more than minimal deference. This conclusion

19 does not end the Court's inquiry.

20         **2.      Convenience of the Witnesses and Parties.**

21         In addition to considering the Plaintiffs' choice of forum, the Court will consider the

22 relative convenience to all the parties involved in the lawsuit of the competing fora when

23 deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. Iron Mountain contends that

24 Massachusetts is a more convenient forum because the majority of the non-party and party

25 witnesses reside there.

26         The convenience of witnesses is often the most important factor in determining a motion

27 to transfer. The trial court looks to who the witnesses are, where they are located, and the

28 relevance of their testimony. *See A.J. Industries, Inc. v. United States District Court*, 503 F.3d

5

1    384, 389 (9th Cir. 1974). Iron Mountain provides a declaration setting forth witnesses who live

2    in or near Massachusetts, which include witnesses who generated the invoices at issue, the Iron

3    Mountain representative who approved them, and non-party witnesses who delivered the notices

4    of assignment. (*See* Declaration of Steven Pescia ("Pescia Decl."), ¶ 5.)

5            As is evidenced by the letters attached to the Amended Complaint, Flexible sent the

6    alleged notices of assignment to Iron Mountain's accounts payable department in

7    Massachusetts. (Am. Compl., Exs. B-D.) Although there are no invoices before the Court, it is

8    not seriously disputed that the invoices were generated by L&L in Massachusetts and sent to

9    Iron Mountain there. Nor has Flexible persuasively countered Iron Mountain's assertion that the

10   majority of the witnesses would be located in Massachusetts. (*See* Opp. Br. at 6.) Furthermore,

11   the record in this case demonstrates that Flexible has retained counsel in Massachusetts and is

12   involved in that litigation in Massachusetts, which undermines its claim that a transfer to that

13   forum would be seriously inconvenient for it as a party.

14           The Court finds the convenience of the witnesses and parties factor weighs in favor of

15   transfer.

16       **3.    Familiarity of the Forum With the Applicable Law.**

17           Iron Mountain contends that the resolution of this dispute primarily will be governed by

18   Massachusetts law, because Flexible's security interest with L&L was perfected by a UCC filing

19   in that state. Iron Mountain also states that its agreement with L&L is governed by

20   Massachusetts law. Notwithstanding these facts, Iron Mountain asserts that the alleged notices

21   of assignment are invalid under California law. Further, Flexible's agreement with L&L is

22   governed by California law. Because neither party has definitively demonstrated that a

23   particular forum's law should govern or that one forum would be more familiar with the law

24   involved, the Court finds this factor to be neutral.

25       **4.    Ease of Access to Evidence.**

26           Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at

27   508. As noted above, it is not disputed that the invoices in dispute are likely located in

28   Massachusetts. Iron Mountain also has submitted a declaration which shows that documentary

evidence relating to L&L's bank records also are located in Massachusetts. (Declaration of Brendan Macaulay, Ex. B.) Flexible's records are located in San Francisco, and the post office box to which invoices were to be submitted is located in Suisun City, California. (Declaration of Steven Capper, ¶ 3; Am. Compl., Exs. A-D.) However, the Court concludes that Iron Mountain has met its burden to show that the majority of the documentary evidence pertinent to this dispute is located in Massachusetts. This factor also weighs in favor of transfer.

### 5.    Relative Congestion

Another factor courts consider is the relative court congestion in each forum. According to available statistics, the Northern District's docket has a heavier case load than the District of Massachusetts. Moreover, it appears from the record that the parties to that action are actively engaged in resolving the matter in such a way as to resolve this dispute as well. Thus, it appears that transfer will lead to faster adjudication of the action.

### 6.    The Scope of the Pending Massachusetts Action

The list of factors set forth above in evaluating transfer is not exhaustive, and the Court has also considered the scope of the Massachusetts action currently pending. While mindful of the fact Flexible's state court action was filed before the interpleader action was filed in Massachusetts, the "'first-to-file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view of the dictates of sound judicial administration." *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (noting when two courts of concurrent jurisdiction have identical actions pending, court that first acquired jurisdiction normally should try case).

The interpleader action includes L&L and a claim by the IRS to the monies in dispute. Further, Iron Mountain asserts that involves many, if not all, of the same invoices at issue in this action. As such, it seems to the Court that a transfer would serve the interests in judicial economy and efficiency by permitting all of the claims between all of the various parties to be resolved in one forum.

1   Because the majority of factors weigh in favor of transfer, the Court finds that Iron

2   Mountain has met the burden of demonstrating that the action should be transferred and

3   GRANTS the motion.

4                                    **CONCLUSION**

5   For the foregoing reasons, the Court DENIES Flexible's motion to dismiss for failure to

6   state a claim and GRANTS Defendants' motion to transfer to the United States District Court

7   for the District of Massachusetts.  The Clerk is directed to transfer this case, forthwith.

8   **IT IS SO ORDERED.**

9

10  Dated:  September 30, 2005

            _____
11                                          JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California