UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., <br><br> Interpleader-Plaintiff, <br><br> v. <br><br> L&L TEMPORARIES, INC., FLEXIBLE FUNDING, LLC, and THE UNITED STATES OF AMERICA THROUGH THE INTERNAL REVENUE SERVICE, <br><br> Interpleader-Defendants. | CIVIL ACTION NO. 1:05-10979-DPW |

## ANSWER AND COUNTERCLAIM OF
## INTERPLEADER-DEFENDANT FLEXIBLE FUNDING, LLC

Interpleader-defendant, Flexible Funding, LLC ("Flexible Funding") hereby submits its

answer and counterclaim as follows:

### Nature of the Action

1.     Flexible Funding admits that it had a financing agreement with L&L Temporaries,

Inc. ("L&L") which was secured by accounts receivable including those generated by Iron

Mountain Information Management, Inc. ("Iron Mountain"), and that Flexible Funding is entitled

to payment of the escrowed funds as well as additional funds which Iron Mountain improperly

paid to L&L after receiving notice from Flexible Funding of Flexible Funding's right to receive

payment directly.  Flexible Funding is without information or belief necessary to admit or deny

the remaining allegations in this paragraph.

**Parties**

2.      Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

3.      Admitted.

4.      Admitted.

5.      Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

**Jurisdiction and Venue**

6.      Admitted.

7.      Admitted.

**Background**

8.      Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

9.      Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

10.     Admitted.

11.     Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

12.     Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

13.     Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

14.    Flexible Funding admits that it sent a letter as alleged, which letter speaks for itself.  Flexible Funding denies that there was no business relationship between L&L and Iron Mountain at that time.

15.    Flexible Funding admits that it sent a letter as alleged, which letter speaks for itself.

16.    Admitted.

17.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

18.    Flexible Funding admits that Iron Mountain sent a letter as alleged, which letter speaks for itself.  Flexible Funding denies that it did not provide proof of its entitlement to payment of L&L's invoices.

19.    Flexible Funding admits that the letters were sent as alleged, which letters speak for themselves, but denies that the letters were in any way incorrect.

20.    Flexible Funding admits that Iron Mountain sent the letters as alleged, which letters speak for themselves.

21.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

22.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

23.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

24.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

25.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

26.    Flexible Funding is without information or belief necessary to admit or deny the allegations of this paragraph.

27.    Flexible Funding admits that it claims an interest in the Escrowed Funds.  Flexible Funding is without information or belief necessary to admit or deny the remaining allegations in this paragraph.

28.    Flexible Funding admits the first two sentences of this paragraph.  The last sentence of this paragraph requires a legal opinion to which no response is required.

## Count I:  Interpleader
### (As to L&L, Flexible Funding and the IRS)

29.    Flexible Funding incorporates by reference herein its answers to the allegations in the previous paragraphs.

30.    Denied.

31.    Denied.

32.    This paragraph contains a request for relief and as such it is not an allegation of fact to which a response is necessary.

## Count II:  Declaratory Judgment and Injunctive Relief
### (As to L&L, Flexible Funding and the IRS)

33.    Flexible Funding incorporates by reference herein its answers to the allegations in the previous paragraphs.

34.    Admitted

35.    Admitted.

36.    Denied.

4

37.    Flexible Funding admits the allegations that pertain to it, but as to the allegations pertaining to other parties, Flexible Funding is without information or belief necessary to admit or deny those allegations.

38.    This paragraph contains a statement of law and as such it is not an allegation of fact to which a response is necessary.

39.    This paragraph contains a statement of law and as such it is not an allegation of fact to which a response is necessary.

## Count III: Breach of Contract
### (As to L&L Only)

40.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

41.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

42.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

43.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

44.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

## Count IV:  Misrepresentation
### (As to L&L Only)

45.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

46.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

47.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

48.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

49.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

## Count V:  Mass. Gen. Laws Ch. 93A
### (As to L&L Only)

50.     This paragraph does not pertain to Flexible Funding, therefore, no answer is required.  To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

51.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

52.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

53.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

54.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

55.    This paragraph does not pertain to Flexible Funding, therefore, no answer is required. To the extent an answer is required, Flexible Funding states it is without information or belief necessary to admit or deny the allegations of this paragraph.

## Counterclaim

1.    The Plaintiff-in-Counterclaim, Flexible Funding, is a limited liability company with its principal place of business in San Francisco, California.

2.    The Defendant-in-Counterclaim, Iron Mountain, is a Delaware corporation with a place of business in Massachusetts.

3.    On or about January 13, 2003, Flexible Funding and L&L, by Susan Yerdon, signed and executed an Account Receivable Financing Agreement (the "Financing Agreement"), whereby Flexible Funding, for valuable consideration, purchased certain accounts receivable of

L&L ("Receivables").  A true and correct copy of the Financing Agreement is attached hereto and incorporated herein as Exhibit A.  To secure L&L's obligations to Flexible Funding, L&L granted Flexible Funding a security interest in all of L&L's accounts, accounts receivable, contract rights, deposit accounts, bank accounts, and books, records and computer programs relating to accounts (the "Collateral"), which security interest was perfected by virtue of a UCC-1 Financing Statement filed with the Secretary of State for the Commonwealth of Massachusetts.  Thereafter, Flexible Funding received individual assignments for invoices assigned from L&L for which advances were individually made.

4.      Flexible Funding is informed and believes, and thereon alleges that on or before January 13, 2003, and continuing thereafter, L&L began providing goods and/or services to its account debtors who therefore became indebted to L&L.

5.      Following each delivery of services as requested, L&L provided its account debtors with an invoice (the "Invoices").

6.      In accordance with the terms of the Financing Agreement, Flexible Funding made an immediate disbursement to L&L as consideration for the assignment of each Invoice.

7.      On March 21, 2003, Iron Mountain received written notice of L&L's assignment of the Iron Mountain Invoices to Flexible Funding (the "First Notice").  A true and correct copy of the First Notice is attached hereto and incorporated herein as Exhibit B.  The First Notice informed Iron Mountain that L&L had entered into a financing relationship with Flexible Funding and instructed Iron Mountain to make all payments on the Invoices to L&L and Flexible Funding at a lockbox P.O. Box, and that the assignment remained in effect until notified to the contrary by Flexible Funding.

8.    As a result of the First Notice of Assignment, on or after March 23, 2003, Iron Mountain changed its records and began remitting payments directly to Flexible Funding at the L&L lockbox.

9.    On October 22, 2003, Iron Mountain received a *second* written notice of L&L's assignment of the Iron Mountain Invoices to Flexible Funding (the "Second Notice"). A true and correct copy of the Second Notice is attached hereto and incorporated herein as Exhibit C.

10.    Flexible Funding is informed and believes, and thereon declares, that on April 20, 2004, L&L entered into a Temporary Services Agreement which confirmed, by the terms of the Agreement, that payments should be directed to: P.O. Box 1300, Suisun City, CA 94585-4300, syerdon@lnlassociates.com, 617-423-4955.

11.    On December 10, 2004, Iron Mountain received a third written notice of L&L's assignment of the Iron Mountain Invoices to Flexible Funding (the "Third Notice"). A true and correct copy of the Third Notice is attached hereto and incorporated herein as Exhibit D.

12.    Flexible Funding is informed and believes and thereon declares that Iron Mountain paid directly to L&L payments after receipt of the Notices, and without the knowledge or permission of Flexible Funding. Regardless of the assignment of the Invoices, Iron Mountain was legally required to direct all payments to Flexible Funding as instructed on the Notices. Flexible Funding has been informed by Iron Mountain that it paid L&L directly, instead of issuing payments to Flexible Funding, in an amount subject to proof, but in no event less than $148,131.87.

13.    Under Mass. Gen. Laws, c. 106 § 9-405, payment directly to any party other than Flexible Funding, after receipt of notifications of assignment, is insufficient to fulfill the obligations.

9

14.     Although demand for payment has been made, Defendant-in-Counterclaim has failed and refused, and continues to fail and refuse to pay Flexible Funding the full amount due and owing.

## CLAIM FOR RELIEF
### (Diversion of Proceeds Against Iron Mountain)

15.     Plaintiff-in-Counterclaim realleges and incorporates paragraphs 1 through 14 of this Counterclaim as if fully set forth herein.

16.     On or about January 13, 2003 and for valuable consideration, L&L transferred and assigned, in writing, to Flexible Funding all its right to monies then due or thereafter becoming due to it from Defendant-in-Counterclaim.  Flexible Funding has ever since been, and now is, the owner and holder of the money due to L&L from Iron Mountain.

17.     Iron Mountain was given notices of the assignment by written correspondence in compliance with Uniform Commercial Code Section 1-201(26), thereby obligating it to pay all the monies due on the Invoices to Flexible Funding under Mass. Gen. Laws, c. 106, § 9-406.

18.     Although demand has been made, the sums identified above have not been paid and there is now due and owing to Flexible Funding an amount to be proven at trial.

WHEREFORE, Plaintiff-in-Counterclaim Flexible Funding prays for judgment against Defendant-in-Counterclaim, Iron Mountain, as follows:

1.     For compensatory damages in an amount to be proven at trial.

2.     For interest at the maximum legal rate from the date the funds were first due and owing to the date that the funds are returned to Plaintiff-in-Counterclaim.

3.     For costs of suit incurred herein; and

4.     For such other relief as the Court deems just and proper.

FLEXIBLE FUNDING, LLC
By its attorneys,

_Christopher P. Litterio (BBO#551098)_
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA  02114
(617) 742-4200

Dated: November 28, 2005

### CERTIFICATE OF SERVICE

I, Christopher P. Litterio, hereby certify that on this 28th day of November, 2005, I did serve a true copy of the within document, upon counsel of record for each other party, via first class mail, postage prepaid

U:\PM\CPL\Flexible Funding\Pleadings\USDC\Answer and Counterclaim.doc

# EXHIBIT A

ACCOUNTS RECEIVABLE FINANCING AGREEMENT

This Agreement is made on January 13, 2003, by and between:

FLEXIBLE FUNDING a Limited Liability Company, ("FLEXIBLE FUNDING"), with offices at One Embarcadero Center, Suite 1200, San Francisco, California 94111, and L & L TEMPORARIES, INC. SOLUTIONS, INC. ("L & L TEMPORARIES, INC."), with offices at 101 Tremont Street, Suite 515, Boston, MA 02108-5004. The parties hereto hereby agree as follows:

FLEXIBLE FUNDING hereby agrees to provide L & L TEMPORARIES, INC. services as more fully set forth and specified in this Agreement. Such services shall include: (1) establishing and maintaining for L & L TEMPORARIES, INC.'s benefit an "open end" credit program, as defined under California Financial Code § 26500, using as collateral the assignment by L & L TEMPORARIES, INC. to FLEXIBLE FUNDING of all of the ACCOUNTS RECEIVABLE resulting from placement of any temporary employees (Hereafter designated as "EMPLOYEE") with a third-party business entity (Hereafter designated as "CLIENT"); (2) administering the accounts created thereby; and providing such other services as more fully described in below.    This Agreement, the documents expressly referred to herein, including without limitation schedules attached hereto constitute the sole understandings between the parties regarding the subject matter hereof; modification thereof may only be made by a written agreement executed by both parties hereto. All terms are to be defined as those terms are commonly understood.

The laws of the State of California shall govern the construction of this Agreement and the rights and duties of the parties hereunder.

## ACCOUNTS MANAGEMENT

1.      L & L TEMPORARIES, INC. shall, upon execution or consummation of any agreement with a CLIENT for the placement of any EMPLOYEE(s) with that CLIENT in connection with which L & L TEMPORARIES, INC. desires FLEXIBLE FUNDING to provide services under this Agreement, within three (3) days of such agreement, provide to FLEXIBLE FUNDING information concerning that CLIENT'S bank and trade references. FLEXIBLE FUNDING may conduct a credit investigation of such CLIENT by any commercially reasonable means, including inquiries to Credit Reporting Agencies or concerns such as   Experian. In addition, FLEXIBLE FUNDING may notify L & L TEMPORARIES, INC. of such investigation and share information so received.

2.      FLEXIBLE FUNDING shall advise L & L TEMPORARIES, INC. of the acceptance or rejection of each CLIENT submitted for funding without waiving its right at any subsequent time to terminate or modify any such acceptance.

3.      L & L TEMPORARIES, INC. shall, within seven (7) days after the end of each billing period, furnish to FLEXIBLE FUNDING a copy of each signed time card for EMPLOYEES in a form acceptable to FLEXIBLE FUNDING, a copy of each invoice sent to the CLIENT, the current invoice register of its weekly invoices to CLIENTS and its current accounts receivable aging report. Each signed copy of a time card shall constitute L & L TEMPORARIES, INC.'s representation to FLEXIBLE FUNDING that the services described therein were in fact rendered and that the receivable evidenced thereby is genuine, bona fide and collectable.    On the basis of such representation FLEXIBLE FUNDING shall provide financing funds for L & L TEMPORARIES, INC.

4.      Each of such fundings shall become due and payable to FLEXIBLE FUNDING on the date that the CLIENT makes payment to the L & L TEMPORARIES, INC. of the corresponding invoice.

5.      **FLEXIBLE FUNDING agrees all invoices to CLIENTS shall designate L & L TEMPORARIES, INC. as the named payee, with specific instructions to deliver payment to P.O. Box 1300, Suisun City, CA  94585-4300. The only address on invoices shall be P.O. Box 1300, Suisun City, CA  94585-4300.** If any payment is otherwise received by L & L TEMPORARIES, INC., L & L TEMPORARIES, INC. shall promptly notify the CLIENT in writing to send future payments to P.O. Box 1300, Suisun City, CA  94585-4300.

6.      L & L TEMPORARIES, INC. agrees that if any collections from CLIENTS are received by L & L TEMPORARIES, INC. such payment shall be held by L & L TEMPORARIES, INC. in trust for FLEXIBLE FUNDING, separate and apart from L & L TEMPORARIES, INC.'S own funds, and shall be immediately delivered to FLEXIBLE FUNDING in the identical form in which it was received.

7.      L & L TEMPORARIES, INC. shall execute all authorizations or other documents requested to establish and maintain FLEXIBLE FUNDING's authority to accept, endorse and deposit all remittances to the account of FLEXIBLE

FUNDING. L & L TEMPORARIES, INC. hereby releases, discharges and agrees to hold harmless Westamerica Bank. from any and all actions, suits, causes of action, claims and demands whatsoever which L & L TEMPORARIES, INC. has or may have in the future arising out of the authority L & L TEMPORARIES, INC. has granted to FLEXIBLE FUNDING to accept, endorse and deposit remittances for L & L TEMPORARIES, INC. to the FLEXIBLE FUNDING Westamerica Bank account number 0501055255.

8.     Upon receipt of the invoice register and the accounts receivable aging reports from L & L TEMPORARIES, INC., FLEXIBLE FUNDING shall forward within one (1) business day to L & L TEMPORARIES, INC. a loan and collection report summarizing all transactions to and from L & L TEMPORARIES, INC.'s account.

## ADVANCES; COMPENSATION TO FLEXIBLE FUNDING

9.     Upon receipt of the signed loan report from the L & L TEMPORARIES, INC., FLEXIBLE FUNDING shall, within one (1) business day, advance funds to such bank account as L & L TEMPORARIES, INC. shall designate. The amount of each such advance shall be specified on the loan report with the maximum advance equal to the Loan Amount (as defined below) less the aggregate amount of any and all outstanding loan balances hereunder. In the event that the aggregate loan balance outstanding hereunder at any time exceeds the Loan Amount, L & L TEMPORARIES, INC. shall pay such excess to FLEXIBLE FUNDING.

10.     L & L TEMPORARIES, INC. agrees, in consideration for funds loaned to it by FLEXIBLE FUNDING under this Agreement, to pay to FLEXIBLE FUNDING a one time funding fee for funds loaned, such fee to be charged to L & L TEMPORARIES, INC. prior to delivery of funds to L & L TEMPORARIES, INC..

11.     The one time funding fee to be charged on any monies loaned under this agreement shall be calculated as set forth below and as agreed to in the FLEXIBLE FUNDING weekly Loan Report:

a.     The total amount of funds available to L & L TEMPORARIES, INC. under this open ended credit program shall be the sum equal to 80% of the aggregate net face amount of all outstanding, unpaid invoices that are (1) not over 45 days unpaid; (2) have not been disqualified by FLEXIBLE FUNDING for credit or other reason(s); and (3) are not disputed by the CLIENT, minus the amount of any outstanding loan amounts (Hereafter the " Loanable Amount")

b.     In respect of each new invoice for which funds are loaned, the following rates shall be used to calculate the funding fee withheld from the funds loaned. Until the aggregate outstanding loan balance equals:

- 33% of the Available Loan Amount, the funding fee shall be 1% of the loaned amount;

- 66% of the Available Loan Amount, the funding fee shall be 2% of the loaned amount;

- Over 66% of the Available Loan Amount, the funding fee shall be:
  2.9% of the loaned amount with billings up to $30,000 per week;
  2.8% of the loaned amount with billings of $30,000 to $45,000 per week;
  2.7% of the loaned amount with billings of $45,000 to $60,000 per week;
  2.6% of the loaned amount with billings of $60,000 to $75,000 per week;
  2.5% of the loaned amount with billings over $75,000 per week.

c.     In no event shall L & L TEMPORARIES, INC.'s aggregate indebtedness on the line of credit at any one time exceed, without FLEXIBLE FUNDING's prior written approval, more than 80% of the Eligible Accounts pledged herein or $200,000.00, (the "LIMIT"). In the event that the balance owing on the line of credit under this Agreement exceeds the Limit, or in the event that said line of credit exceeds the percentage set forth above of the value of eligible accounts, as determined by FLEXIBLE FUNDING, L & L TEMPORARIES, INC. understands and agrees that there shall be no further advances on the line of credit to the undersigned unless and until L & L TEMPORARIES, INC. pays the amount of excess, (the "Over Advance"), and L & L TEMPORARIES, INC. hereby promises to pay such excess upon demand of FLEXIBLE FUNDING.

## COLLATERAL

12.     L & L TEMPORARIES, INC. hereby agrees that all of its obligations under this Agreement are hereby secured by the assignment to FLEXIBLE FUNDING of the following property (hereinafter the "Collateral"):

a.    All accounts receivable, rights to receive payment for services rendered whether by contract or otherwise, rights to liquidated damages, claims for unliquidated debts (the "Accounts") now existing or hereafter created arising from any business of L & L TEMPORARIES, INC. (whether or not such Accounts are evidenced by time cards created in connection with the performance of services by L & L TEMPORARIES, INC.'s employees or agents); and

b.    All proceeds from such Accounts, including without limitation, all cash monies, bank accounts, deposit accounts and similar accounts of any kind, and

c.    All books and records relating to any of the above, including, without limitation, all computer programs, printed output and computer readable data in the possession or control of L & L TEMPORARIES, INC., any computer service bureau, FLEXIBLE FUNDING, or any third party.

13.    L & L TEMPORARIES, INC. agrees to execute, upon demand by FLEXIBLE FUNDING, any and all Financing Statements, Continuation Statements or other statements useful or necessary to perfect FLEXIBLE FUNDING's security interest hereunder, in whatsoever form FLEXIBLE FUNDING may reasonably require. L & L TEMPORARIES, INC. hereby irrevocably appoints FLEXIBLE FUNDING its agent for the purpose of executing and filing any financing statement or similar document which may be necessary to perfect and continue perfected such security interest under the Uniform Commercial Code.

14.    FLEXIBLE FUNDING may, at any time, whether or not L & L TEMPORARIES, INC.'s payment obligations under the ACCOUNTS RECEIVABLE FINANCING AGREEMENT or hereunder have been accelerated, with two (2) days' notice to L & L TEMPORARIES, INC.:  (i) notify any account debtor that its Account has been assigned to FLEXIBLE FUNDING by L & L TEMPORARIES, INC. and that payment thereof shall be made to the order of and directly to FLEXIBLE FUNDING and/or (ii) demand, collect or enforce payment of any Accounts.   FLEXIBLE FUNDING shall have no obligation to take any such action and shall have no liability for any failure to collect or enforce payment of any such Accounts.

15.    L & L TEMPORARIES, INC. warrants and represents that (except insofar as L & L TEMPORARIES, INC. and FLEXIBLE FUNDING have expressly otherwise agreed in writing):

a.    The Collateral is free and clear of all liens, encumbrances, security interests and adverse claims other than such as were created by this Agreement in favor of FLEXIBLE FUNDING; and

b.    All Accounts included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be prime accounts, created by absolute rendering of services, and will be genuine, bona fide and collectible; and

c.    No Account included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be subject to any dispute, right of offset, counterclaim, or right of cancellation; and

d.    All Accounts included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be due and unconditionally payable on terms of thirty (30) days or less, and will conform to the terms expressly set forth on the face of the relevant invoice; no account will be past due at the time assigned; and

e.    All facts, figures, representations given, or caused to be given by L & L TEMPORARIES, INC. to FLEXIBLE FUNDING in connection with the value of the invoices assigned hereunder will be true and correct. FLEXIBLE FUNDING may verify CLIENT's account balances; and

f.    L & L TEMPORARIES, INC.'s books and records do and will fully and accurately reflect all of L & L TEMPORARIES, INC.'s assets and liabilities (absolute and contingent), have been and will be kept in the ordinary course of business in accordance with generally accepted accounting principles consistently applied and all information contained therein is and will be true and correct; and

g.    All taxes of any governmental or taxing authority due or payable by, or imposed or assessed against, L & L TEMPORARIES, INC., have been paid and will be paid in full before delinquency; and

h.    There are no actions or proceedings pending by or against L & L TEMPORARIES, INC. before any court or administrative agency, and there are no pending, threatened, or imminent governmental investigations, or claims, complaints, or prosecutions involving L & L TEMPORARIES, INC.; and

i.    L & L TEMPORARIES, INC. has the legal power and authority to enter into this Agreement and to perform and discharge L & L TEMPORARIES, INC.'s obligations hereunder.

16.    Each warranty and representation contained in this Agreement shall be deemed repeated with each advance of funds and shall be conclusively presumed to have been relied on by FLEXIBLE FUNDING regardless of any investigation made, or information possessed by FLEXIBLE FUNDING.  The warranties, representations and agreements set forth herein shall be cumulative and in addition to any and all other warranties, representations and agreements contained in any other document or instrument which L & L TEMPORARIES, INC. shall give, or cause to be given, to FLEXIBLE FUNDING, either now or hereafter.

## TERMINATION BY FLEXIBLE FUNDING

17.    In the event that:

a.    L & L TEMPORARIES, INC. fails to comply with any provision of this Agreement; or

b.    L & L TEMPORARIES, INC. makes any false, misleading or untrue representation or warranty in connection with this Agreement; or

c.    L & L TEMPORARIES, INC. makes a general assignment for the benefit of its creditors other than FLEXIBLE FUNDING or commences or has commenced against it any proceeding under any Title of the Bankruptcy Code of the United States or under any similar law existing for the relief from creditors; or

d.    A Receiver or Trustee is appointed for L & L TEMPORARIES, INC. or any proceeding is instituted for the dissolution or full or partial liquidation of L & L TEMPORARIES, INC.; or

e.    A sale or transfer is effected of L & L TEMPORARIES, INC. in one or a series of related transactions of fifty percent (50%) or more of the interests of L & L TEMPORARIES, INC. without the prior written approval of FLEXIBLE FUNDING, which approval shall not be unreasonably withheld; or

f.    Any change occurs in L & L TEMPORARIES, INC.'s business, including, without limitation, the ownership thereof, or financial condition, which causes FLEXIBLE FUNDING to deem itself insecure; or

g.    Any subordination agreement whereby any indebtedness of L & L TEMPORARIES, INC. to any third party is subordinated to L & L TEMPORARIES, INC.'s obligations to FLEXIBLE FUNDING is amended without the consent of FLEXIBLE FUNDING or is breached or repudiated in any manner by a third party;

then, in any such case, FLEXIBLE FUNDING may  suspend or terminate FLEXIBLE FUNDING's obligations to make advances and/or render other services hereunder, in which event L & L TEMPORARIES, INC. shall be obligated, without further demand, protest or notice of any kind, to pay immediately to FLEXIBLE FUNDING the full amount of all loans outstanding hereunder.  Upon termination, FLEXIBLE FUNDING may take all steps deemed necessary to effect collection of the accounts.

18.    FLEXIBLE FUNDING may terminate its obligations to make advances and/or render other services under this Agreement at any time provided it has given written notice to L & L TEMPORARIES, INC. at least sixty (60) days prior to the effective date of termination and further provided that all loan amounts shall become immediately due and payable.

19.    This Agreement and the security interests hereby granted shall remain in effect until such time as all payment obligations to FLEXIBLE FUNDING have been paid and satisfied in full.

20.    All amounts received by FLEXIBLE FUNDING from Accounts assigned to FLEXIBLE FUNDING hereunder shall be applied to pay L & L TEMPORARIES, INC.'s outstanding indebtedness to FLEXIBLE FUNDING.  Any amount remaining after payment in full of all of L & L TEMPORARIES, INC.'s outstanding indebtedness to FLEXIBLE FUNDING shall be remitted promptly to L & L TEMPORARIES, INC..  At such time as all obligations of L & L

TEMPORARIES, INC. to FLEXIBLE FUNDING shall have been indefeasibly paid and satisfied in full and FLEXIBLE FUNDING shall have no further obligations to provide financing under the ACCOUNTS RECEIVABLE FINANCING AGREEMENT, FLEXIBLE FUNDING will re-assign to L & L TEMPORARIES, INC. any and all interests it may have in the Collateral and will execute such termination statements as L & L TEMPORARIES, INC. may reasonably request.

21.     In the event that payment of the loan amounts outstanding is not made timely by L & L TEMPORARIES, INC. as required in the above paragraphs, then interest shall accrue and be payable upon demand commencing on the 60th day thereafter. Such interest shall be calculated upon the average daily outstanding loan balance from such 60th day to the date of payment at a rate per annum equal to eighteen percent (18%).

## TERMINATION BY L & L TEMPORARIES, INC.

22.     In the event that:

   a.     FLEXIBLE FUNDING fails to pay to L & L TEMPORARIES, INC. when due any monies owing to L & L TEMPORARIES, INC. under this Agreement; or

   b.     FLEXIBLE FUNDING fails to perform timely the services to be rendered by FLEXIBLE FUNDING hereunder,

then, L & L TEMPORARIES, INC. may notify FLEXIBLE FUNDING of its intent to terminate this Agreement, which termination shall become effective only upon the payment to FLEXIBLE FUNDING of the full amount of loans outstanding hereunder and any interest payable. If such amounts are not paid in full within sixty (60) days after delivery of such notice of intent to terminate, then interest shall accrue and be payable upon demand commencing on the 60th day thereafter. Such interest shall be calculated upon the average daily outstanding loan balance from such 60th day to the date of payment at a rate per annum equal to eighteen percent (18%).

23.     L & L TEMPORARIES, INC. may terminate this Agreement at any time, for any reason, provided it has given written notice to FLEXIBLE FUNDING at least sixty (60) days prior to the effective date of termination and further provided that all loan amounts outstanding and interest, if any, payable hereunder shall have been paid in full to FLEXIBLE FUNDING prior to the effective date of termination.

24.     Upon termination of this Agreement for any reason, FLEXIBLE FUNDING shall render an accounting for all accounts to L & L TEMPORARIES, INC.. Termination of this Agreement shall relieve or discharge L & L TEMPORARIES, INC. from its payment obligations to FLEXIBLE FUNDING until such time as all payment obligations to FLEXIBLE FUNDING have been paid and satisfied in full.

## LIABILITY INSURANCE AND EMPLOYEE BONDS

25.     L & L TEMPORARIES, INC. shall provide FLEXIBLE FUNDING with proof of EMPLOYEE bonding, workers compensation and liability insurance. FLEXIBLE FUNDING may take reasonable steps to assure the adequacy of any bond or insurance and shall inform L & L TEMPORARIES, INC. of any inadequacies. L & L TEMPORARIES, INC. shall notify FLEXIBLE FUNDING of any changes in insurance and shall ensure that FLEXIBLE FUNDING is named on the certificate of insurance list as an additional named insured.

## INDEMNIFICATION

26.     L & L TEMPORARIES, INC. agrees and warrants that under no circumstances are EMPLOYEES of L & L TEMPORARIES, INC. to be considered EMPLOYEES of FLEXIBLE FUNDING for any purpose, including but not limited to, any state or federal wage and hour law, federal withholding, state withholding, withholding to other taxing authority or health benefits program; EMPLOYEES shall at all times be recognized as the employees of L & L TEMPORARIES, INC. for all purposes. L & L TEMPORARIES, INC. shall promptly after each pay period as required, make payments to the Internal Revenue Service for federal taxes; to the State for state taxes; and to any other governmental agency to whom any tax or similar payment obligation is due with respect to EMPLOYEES' activities. L & L TEMPORARIES, INC. shall cause FLEXIBLE FUNDING to be given promptly suitable evidence of all such payments.

27.     L & L TEMPORARIES, INC. warrants that all of its EMPLOYEES are legally entitled to be employed in the United States and agrees to defend and hold harmless FLEXIBLE FUNDING, its directors, officers, employees and agents, for any failure on the part of L & L TEMPORARIES, INC. to comply with relevant immigration, non-discrimination, employment and employee-benefit laws.

28.    L & L TEMPORARIES, INC. agrees to defend, indemnify and hold FLEXIBLE FUNDING harmless from and against any claim, charge, loss, legal or other expense, or alleged claim, defense or offset arising out of the performance (or non-performance) by an EMPLOYEE of services for a CLIENT or arising from or in connection with collection of a CLIENT's obligations for L & L TEMPORARIES, INC.'s services.

## WAIVER

29.    The failure of FLEXIBLE FUNDING or L & L TEMPORARIES, INC. to enforce any of the terms and provisions of this Agreement, or the failure to exercise any right upon a default hereunder shall apply only in the particular instance and shall not operate as a continuing waiver of rights.

## NOTICE

30.    Any NOTICE, Request or Demand under this Agreement shall be in writing.

31.    Any NOTICE, Request or Demand sent by First Class Mail shall be deemed received and effective on the day on which it is received.

32.    Any NOTICE, Request or Demand sent by registered or certified mail, with or without, return receipt requested, and properly addressed, with postage prepaid shall be effective on the third business day after the date on which it is so mailed or the day on which such notice is actually received, whichever is the earliest.

33.    NOTICE of any change of address by either party shall be in writing and mailed not less than ten (10) days prior to any change of address of such party's principal place of business. L & L TEMPORARIES, INC. shall notify FLEXIBLE FUNDING of any and all changes or additions to its places of business.

## INSPECTION AND REPORTING

34.    FLEXIBLE FUNDING, through its agents or employees, shall have the right to inspect and audit the books and records of L & L TEMPORARIES, INC. pertaining to transactions subject to this Agreement at all reasonable times without hindrance or delay at FLEXIBLE FUNDING's expense.    L & L TEMPORARIES, INC. shall provide FLEXIBLE FUNDING with copies of it's quarterly balance sheet, income statement and Employer's Quarterly Federal Tax Return, Form 941, by the 30th day following the end of each quarter.

35.    L & L TEMPORARIES, INC. shall have the right to inspect and audit the books and records of FLEXIBLE FUNDING pertaining to transactions subject to this Agreement upon termination of this Agreement by either party or upon default by FLEXIBLE FUNDING without hindrance or delay at L & L TEMPORARIES, INC.'s expense.

## ASSIGNMENT

36.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors or permitted assigns, and may be assigned by FLEXIBLE FUNDING, but shall not be assignable by the L & L TEMPORARIES, INC. without the express, written consent of FLEXIBLE FUNDING.

37.    Any attempted assignment by L & L TEMPORARIES, INC. of its rights or obligations under this Agreement without the express, prior written consent of FLEXIBLE FUNDING shall be void, and any permitted assignment will not excuse L & L TEMPORARIES, INC.'s obligations to FLEXIBLE FUNDING without a full release of such obligations and duties, signed by both parties. FLEXIBLE FUNDING may still proceed against L & L TEMPORARIES, INC. on any payment obligation outstanding at the time of assignment until such obligation is indefeasibly fulfilled by L & L TEMPORARIES, INC. or its assigns.

38.    The parties anticipate that FLEXIBLE FUNDING may assign its rights in the collateral provided under this Agreement and monies receivable by it hereunder to its lender(s). L & L TEMPORARIES, INC. agrees to such assignment and that any such assignee shall be a third-party beneficiary of this Agreement.

## SEVERABILITY OF PROVISIONS

39.    Each and every provision of this Agreement shall be severable from every other provision for the purposes of determining legal enforceability of any such provision or provisions.

## COMMUNICATION

40.    Both parties agree to communicate with one another fully and in good faith, particularly about business conditions, changes, concerns and or other matters pertaining to L & L TEMPORARIES, INC.'s business, and each shall inform the other as soon as possible but not later than five days after any relevant occurrence.

41.    Any dispute between FLEXIBLE FUNDING and L & L TEMPORARIES, INC. arising out of or in connection with this Agreement shall, to the extent permitted by law, be determined by binding arbitration before an arbitrator of the American Arbitration Association in San Francisco.  The proceeding will be governed by the rules of that Association. The losing party shall pay to the prevailing party any and all legal expenses and reasonable attorneys' fees incurred by the prevailing party in enforcing this Agreement.

## AUTHORITY

42.    L & L TEMPORARIES, INC. is a corporation, existing and in good standing under the laws of the State of Massachusetts.  The execution, delivery and performance of this Agreement and the documents contemplated herein are within L & L TEMPORARIES, INC.'s powers, have been duly authorized, and are not in contravention of any law, the terms of any indenture, agreement or undertaking to which L & L TEMPORARIES, INC. is a party or by which it is bound.

43.    L & L TEMPORARIES, INC. hereby authorizes, and FLEXIBLE FUNDING hereby agrees to accept, the faxed signature of Michelle Lambeth binding upon L & L TEMPORARIES, INC. for purposes of the representations set forth above and for confirming any loan report.  L & L TEMPORARIES, INC. shall on the same day it faxes any document send by mail or hand delivery an original thereof to FLEXIBLE FUNDING.

## FLEXIBILITY

44.    FLEXIBLE FUNDING's rights and remedies under this Agreement shall be cumulative and FLEXIBLE FUNDING shall have all other rights and remedies not inconsistent therewith as provided by law.  No exercise by FLEXIBLE FUNDING of one right or remedy shall be deemed an election and no waiver by FLEXIBLE FUNDING of any default on L & L TEMPORARIES, INC.'s part shall be deemed a continuing waiver.  No delay by FLEXIBLE FUNDING shall constitute a waiver or election.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement January 13, 2003

For FLEXIBLE FUNDING, LLC                                      For L & L TEMPORARIES, INC. SOLUTIONS, INC.

Steve Capper          Steven J. Elias                            Susan Yerdon

## CERTIFICATE COPY OF RESOLUTIONS

RESOLVED, that the Flexible Funding Accounts Receivable Financing Agreement of the date specified below between L & L TEMPORARIES, INC. SOLUTIONS, INC. ("L & L TEMPORARIES, INC.") and Flexible Funding Limited Liability Company ("FLEXIBLE FUNDING") and all other agreements and documents connected therewith be approved on the terms and conditions as set forth therein;

RESOLVED, that any officer of L & L TEMPORARIES, INC. is authorized and directed to enter into said Agreement and all other agreements and documents connected therewith and to execute the same for and on behalf of L & L TEMPORARIES, INC. on the terms and conditions set forth therein;

RESOLVED, that any officer of L & L TEMPORARIES, INC. is authorized and directed to negotiate, agree upon, execute and deliver, from time to time, in the name of, and on behalf of, L & L TEMPORARIES, INC., such agreements, amendments and supplements to said Agreement or any other agreement or document connected therewith, and to perform any and all such acts and things as may be required by FLEXIBLE FUNDING in connection with said Agreement or any other agreement or document connected therewith, or may to him seem necessary or proper to implement and effect complete consummation of said Agreement or any other agreement or document connected therewith in all respects and the purpose set forth in these resolutions;

RESOLVED, that these resolutions shall remain in full force and effect until written notice of their amendment or repeal shall be received by FLEXIBLE FUNDING and until all indebtedness and obligations arising out of said Agreement and all other agreements and documents connected therewith shall have been paid and satisfied in full.

The undersigned, as the duly constituted officer of L & L TEMPORARIES, INC. does hereby certify that the foregoing is a true and correct copy of the resolution duly adopted at a meeting of the officers of L & L TEMPORARIES, INC., duly called, noticed and held on the date specified below at which meeting there was at all time present and acting a quorum of the officers; that said resolutions are in full force and effect; and that the following is a true and correct list of the officers of L & L TEMPORARIES, INC.:

Date of Flexible Funding Accounts Receivable Financing Agreement: January 13, 2003
Name of business corporation: L & L TEMPORARIES, INC. SOLUTIONS, INC.

Officer's Name: _Susan Yerdca_

Signature: _Susan Yerdon_

Officer's Name: _____

Signature: _____

Date L & L TEMPORARIES, INC. SOLUTIONS, INC.'s Officers adopted above resolutions: January 13, 2003

UNCONDITIONAL GUARANTY

To induce FLEXIBLE FUNDING LLC, ("FLEXIBLE FUNDING") to extend or to continue to extend financial accommodations to L & L TEMPORARIES, INC. SOLUTIONS, INC. ("L & L TEMPORARIES, INC."), the undersigned guarantor ("Guarantor") hereby unconditionally and irrevocably undertakes to FLEXIBLE FUNDING as follows:

1. <u>Promise to Pay and Perform</u>. Guarantor irrevocably guarantees to FLEXIBLE FUNDING the prompt performance of all obligations of L & L TEMPORARIES, INC. of every kind and character owed to FLEXIBLE FUNDING (the "Guaranteed Obligations"). Guarantor shall pay on demand by FLEXIBLE FUNDING all sums due including interest, court costs, and reasonable attorneys fees that may arise due to guarantors default.

2. <u>Waivers by Guarantor</u>. Guarantor waives all rights and defenses arising out of any election of remedies by FLEXIBLE FUNDING, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against L & L TEMPORARIES, INC. by operation of Section 580d of the California code of civil procedure or otherwise.

3. <u>Governing Law</u>. This guaranty shall be deemed to have been made in the State of California and the validity, construction, interpretation, and enforcement hereof, and the rights of the parties hereto, shall be determined under, governed by, and constructed in accordance with the laws of the State of California, without regard to principles of conflicts of Law.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty on January 13, 2003.

Susan Yerdon

Address: 1 Rıverview Boulevard

Methen, MA 01844

Please have this page NOTORIZED

Suffolk County    exp 6/13/03

# EXHIBIT B

*Flexible Funding*

March 21, 2003

Accounts Payable
Iron Mountain
32 George Street
Boston, MA 02119

Dear Accounts Payable:

In order to accommodate continued business expansion, L & L Temporaries has contracted Flexible Funding to provide payroll financing services. This will enable L & L Temporaries to deliver even more personnel to existing clients.

As part of this process, please make out all payment checks to **L & L Temporaries / Flexible Funding**

In the past you have mailed payment for L & L Temporaries invoices to P.O. Box 1300, Suisun City CA 94585-4300. All current outstanding and future invoices due L & L Temporaries should continued to be mailed to the same address:

**L & L Temporaries /Flexible Funding**
**P.O. Box 1300**
**Suisun City, CA 94585-4300**

If you have any questions, please call Brady of Flexible Funding at 877 321-7770, or Susan of L & L Temporaries at 617-423-4455. Thank you for your cooperation.

Sincerely,

Brady Bellis
Flexible Funding
Assistant Director of Account Services

Label 7907 2957 2579                                                                    Page 1 of 1

From: STEVE CAPPER (415)391-4320
FLEXIBLE FUNDING
ONE EMBARCADERO CENTER
SUITE 1200
SAN FRANCISCO, CA, 94111



**To: Accounts Payable (978)667-9999**
**Iron Mountain**
**32 George St.**

SHIP DATE: 20MAR03
WEIGHT: 1 LBS

**Boston, MA, 02119**

Ref:



TRK # 7907 2957 2579

FedEx STANDARD OVERNIGHT                          FRI
                                                              BOS              A1
                                                                                  Deliver by:
02119-MA-US          XH BVYA                            21MAR03



# EXHIBIT C

# Flexible Funding

October 22, 2003

Accounts Payable
Iron Mountain
32 George St.
Boston, MA 02119

Dear Accounts Payable,

We at Flexible Funding have provided payroll funding for L&L Temporaries, Inc. Accordingly, L&L Temporaries, Inc. has assigned its accounts receivable to us.

In the past you have mailed payment for L&L Temporaries, Inc. invoices to us at P.O. Box 1300, Suisun City, CA 94585-4300. All current outstanding invoices due L&L Temporaries, Inc. should be mailed to us at the following address:

**L&L Temporaries, Inc./Flexible Funding**
**P.O. Box 1300**
**Suisun City, CA 94585-4300**

Payments made to any other entity will not discharge your obligations. This arrangement is a matter of record and may not be changed or amended without a notarized notification signed by one of our officers.

**If you have any questions please call Flexible Funding at 877-321-7770.**

Thank you so much for your cooperation.

Sincerely,

Brady Bellis
Assistant Director of Account Services
Flexible Funding



EXHIBIT C

# EXHIBIT D

*Flexible Funding*

Thursday, December 09, 2004

Michael Andrews
Iron Mountain
32 George Street
Boston, MA 02119

Dear Michael:

We at Flexible Funding have provided payroll funding for L & L TEMPORARIES, INC.. Accordingly, L & L TEMPORARIES, INC. has assigned its accounts receivable to us.

In the past you have mailed payment for L & L TEMPORARIES, INC. invoices to us at P.O. Box 1300, Suisun City, CA 94585-4300. All current outstanding invoices due L & L TEMPORARIES, INC. should continued to be mailed to us at the same address:

**L & L TEMPORARIES, INC.**
**P.O. Box 1300**
**Suisun City, CA 94585-4300**

Payments made to any other entity will not discharge your obligation. This arrangement is a matter of record and may not be changed or amended without a notification by one of our officers.

If you have any questions please call John of Flexible Funding at (877) 321-7770. Thank you so much for your cooperation.

Sincerely,

John P. Villanueva
Flexible Funding
Director of Account Services

EXHIBIT D

One Embarcadero Center, Suite 1200 • San Francisco, California 94111
415-391-4320 • 800-487-8327 • FAX 415-391-4331