UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-10979-DPW |
| v. | ) ) | |
| L&L TEMPORARIES, INC., ET AL., | ) ) | |
| Defendants. | ) ) | |
| FLEXIBLE FUNDING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION No. 05-12071-DPW |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., | ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| L&L TEMPORARIES, INC. and SUSAN YERDON, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

**PLAINTIFF'S REPLY TO THE COUNTERCLAIM OF
INTERPLEADER-DEFENDANT FLEXIBLE FUNDING, LLC**

Plaintiff Iron Mountain Information Management, Inc. ("Iron Mountain"), by its

attorneys, Sullivan & Worcester LLP, hereby replies the Counterclaim, dated November 28,

2005 (the "Counterclaim"), of interpleader-defendant Flexible Funding, LLC ("Flexible

Funding"), as follows:

1.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1.

2.      Admitted.

3.      The allegations in the third and fourth sentences of paragraph 3 contain

conclusions of law to which no response is required.  Iron Mountain denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in such

paragraph 3.

4.      Denies the allegations in paragraph 4, except Iron Mountain admits that L&L

Temporaries, Inc. ("L&L") did provide temporary employment services, *i.e.*, temporary labor,

for Iron Mountain in the Greater Boston area.

5.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 5, except Iron Mountain admits that it received invoices from

L&L for temporary labor services provided to Iron Mountain in the Greater Boston area.

6.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 6.

7.      Denies the allegations in paragraph 7 of the Counterclaim, except Iron Mountain

admits that on or about March 21, 2003, it received, at an Iron Mountain records center located at

32 George Street, Boston, Massachusetts, a letter purporting to be from Flexible Funding in the

form attached to the Counterclaim as Exhibit B.  In further response to paragraph 7, Iron

Mountain states that such letter is a document that speaks for itself and, therefore, Iron Mountain

denies any allegations of such paragraph 7 to the extent that they purport to vary, contradict, amend, supplement or are otherwise inconsistent with the express terms of the letter.

8.      Denies the allegations in paragraph 8, except Iron Mountain admits that, pursuant to an agreement with and instructions from L&L, Iron Mountain remitted certain amounts otherwise payable to L&L directly to Flexible Funding.

9.      Denies the allegations in paragraph 9 of the Counterclaim, except Iron Mountain admits that on or about October 22, 2003, it received, at an Iron Mountain records center located at 32 George Street, Boston, Massachusetts, a letter purporting to be from Flexible Funding in the form attached to the Counterclaim as Exhibit C.  In further response to paragraph 9, Iron Mountain states that such letter is a document that speaks for itself and, therefore, Iron Mountain denies any allegations of such paragraph 9 to the extent that they purport to vary, contradict, amend, supplement or are otherwise inconsistent with the express terms of the letter.

10.      Denies the allegations in paragraph 10 of the Counterclaim, except admits that (a) by two (2) interrelated written agreements dated April 20, 2004 (the "Contracts"), Iron Mountain and L&L agreed, among other things, that L&L would provide temporary labor services to Iron Mountain; and (b) pursuant to the Contracts, L&L and Iron Mountain agreed that Iron Mountain's payments would be directed to:

L&L Temporaries, Inc.
P.O. Box 1300
Suisun City, CA 94585-4300
syerdon@lnlassociates.com
(617) 423-4955

Iron Mountain denies any allegations in paragraph 10 to the extent that they purport to vary,

contradict, amend, supplement or are otherwise inconsistent with the terms of the Contracts.

      11.      Denies the allegations in paragraph 11 of the Counterclaim, except Iron Mountain

admits that, on or about December 10, 2004, it received, at an Iron Mountain records center

located at 32 George Street, Boston, Massachusetts, a letter purporting to be from Flexible

Funding in the form attached to the Counterclaim as Exhibit D.  In further response to paragraph

11, Iron Mountain states that such letter is a document that speaks for itself and, therefore, Iron

Mountain denies any allegations in such paragraph 11 to the extent that they purport to vary,

contradict, amend, supplement or are otherwise inconsistent with the express terms of the letter.

      12.      The allegations in the second sentence of paragraph 12 contain conclusions of law

to which no response is required.  Iron Mountain denies the remaining allegations in paragraph

12, except admits that (a) by electronic mail dated December 1, 2004, from L&L's President,

Yerdon, L&L informed Iron Mountain that its accounts financing agreement with Flexible

Funding had been terminated and that all payments should be made to L&L's office on Tremont

Street in Boston, Massachusetts; (b) as of January 12, 2005, L&L's invoices to Iron Mountain

stated that payments were to be remitted to L&L's Tremont Street office in Boston,

Massachusetts; and (c) and Iron Mountain remitted certain payments to L&L as L&L instructed.

13.     The allegations in paragraph 13 contain conclusions of law to which no response is required.  To the extent that paragraph 13 contains allegations of fact to which a response is required, Iron Mountain denies any liability to Flexible Funding.

14.     Denies the allegations in paragraph 14, except Iron Mountain admits that Flexible Funding has requested that Iron Mountain remit money to Flexible Funding and that Iron Mountain has refused Flexible Funding's request.  In further response to paragraph 14, Iron Mountain (a) states that it has escrowed certain amounts as described in its First Amended Complaint for Interpleader, Declaratory Judgment and Injunctive and Compensatory Relief in Civil Action No. 05-10979-DPW, and (b) denies that it owes any money to Flexible Funding.

15.     In response to paragraph 15 of the Counterclaim, Iron Mountain incorporates as if set forth in full herein its responses paragraphs 1 through and including 14 thereof.

16.     Denies the allegations in paragraph 16, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

17.     The allegations in paragraph 17 contain conclusions of law to which no response is required.  To the extent that paragraph 17 contains allegations of fact to which a response is required, Iron Mountain denies the allegations in that paragraph.

18.     Denies the allegations in paragraph 18, except Iron Mountain admits that Flexible Funding has requested that Iron Mountain remit money to Flexible Funding and that Iron Mountain has refused Flexible Funding's request.  In further response to paragraph 18, Iron Mountain (a) states that it has escrowed certain amounts as described in its First Amended

Complaint for Interpleader, Declaratory Judgment and Injunctive and Compensatory Relief In

Civil Action No. 05-10979-DPW, and (b) denies that it owes any money to Flexible Funding.


### Affirmative Defenses

#### First Affirmative Defense

The Counterclaim fails in various ways to state a claim upon which relief may be granted

against Iron Mountain.

#### Second Affirmative Defense

If Iron Mountain owes any money to Flexible Funding, which it denies, such sums have

already been paid.

#### Third Affirmative Defense

Flexible Funding is barred from recovery herein by operation of the doctrine of estoppel.

#### Fourth Affirmative Defense

Flexible Funding is barred from recovery against Iron Mountain by operation of the

doctrine of laches.

#### Fifth Affirmative Defense

Flexible Funding is barred from recovery against Iron Mountain by operation of an

accord and satisfaction.

#### Sixth Affirmative Defense

Flexible Funding has waived in whole or in part, any claims asserted against Iron

Mountain in the Counterclaim.

**Seventh Affirmative Defense**

Flexible Funding has failed to comply with the requirements of Section 9-405(a) of the

Massachusetts Uniform Commercial Code, Mass. Gen. Laws c. 106, § 9-405(a), and, by reason

thereof, is barred from seeking any recovery against Iron Mountain.

**<u>Prayers for Relief</u>**

**WHEREFORE**, Iron Mountain requests that this Court:

1.       Dismiss the Counterclaim as against it in its entirety, with prejudice;

2.       Award Iron Mountain its costs and expenses of action, including reasonable

attorneys' fees and disbursements; and

3.       Award Iron Mountain such further relief as is just.

                                        **IRON MOUNTAIN INFORMATION
                                        MANAGEMENT, INC.**

                                        By its attorneys,


December 19, 2005                       /s/ Samual A. Miller
                                        Larry L. Varn (BBO #508130)
                                        *lvarn@sandw.com*
                                        Samual A. Miller (BBO #648568)
                                        *smiller@sandw.com*
                                        SULLIVAN & WORCESTER LLP
                                        One Post Office Square
                                        Boston, Massachusetts  02109
                                        (617) 338-2800