UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>L&L TEMPORARIES, INC., ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 05-10979-DPW |
| FLEXIBLE FUNDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>L&L TEMPORARIES, INC. and SUSAN YERDON,<br><br>Third-Party Defendants. | CIVIL ACTION No. 05-12071-DPW |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
REQUEST FOR ENTRY OF DEFAULT
AGAINST L&L TEMPORARIES, INC. AND SUSAN YERDON**

TO THE CLERK OF THE COURT:

Pursuant to Fed. R. Civ. P. 55, Interpleader-Plaintiff, Defendant and Third-Party Plaintiff Iron Mountain Information Management, Inc. ("Iron Mountain"), respectfully requests that the

{B0478182; 1}

- 2 -

Clerk of this Court enter a default against Interpleader-Defendant L&L Temporaries, Inc. ("L&L"), and Third-Party Defendants L&L and Susan Yerdon ("Yerdon" and, together with L&L, the "Third-Party Defendants"). In support of its request, Iron Mountain submits the accompanying Affidavit of Samual A. Miller (the "Miller Aff."), which is being filed in conjunction with this request, and hereby states as follows:

1. On May 11, 2005, Iron Mountain filed the Complaint for Interpleader, Declaratory Judgment and Injunctive and Compensatory Relief (the "Interpleader Complaint") against L&L and another alleging, among other things, claims against L&L for breach of contract, misrepresentation and willful and knowing violations of Mass. Gen. Laws ch. 93A. See Miller Aff., ¶ 3.

2. On May 16, 2005, the summons and a copy of the Interpleader Complaint were served upon L&L. See Miller Aff., ¶ 4.

3. On June 9, 2005, Iron Mountain filed the First Amended Complaint for Interpleader, Declaratory Judgment and Injunctive or Compensatory Relief (the "Amended Interpleader Complaint"), which asserted claims against L&L for, among other things, breach of contract, misrepresentation and willful and knowing violations of Mass. Gen. Laws ch. 93A. See Miller Aff., ¶ 5

4. On June 15, 2005, the summons and a copy of the Amended Interpleader Complaint were served upon L&L. See Miller Aff., ¶ 6.

5. On December 9, 2005, Iron Mountain filed the Third-Party Complaint Against Susan Yerdon and L&L Temporaries, Inc. (the "Third-Party Complaint"), which asserted claims against the Third Party Defendants for, among other things, misrepresentation, common law indemnification, and violation of Mass. Gen. Laws ch. 93A. See Miller Aff., ¶ 7.

{B0478182; 1}

6.     On December 14, 2005, the summons and a copy of the Third-Party Complaint were served upon L&L.  See Miller Aff., ¶ 8.

7.     On December 16, 2005, the summons and a copy of the Third Party Complaint were served upon Yerdon.  See Miller Aff., ¶ 9.

8.     The times within which (i) L&L was required to serve an answer or otherwise defend against or respond to the Interpleader Complaint or the Amended Interpleader Complaint and (ii) the Third Party Defendants were required to serve an answer or otherwise defend against or respond to the Third-Party Complaint, has expired.  See Mass. R. Civ. P. 12.

9.     To date, L&L has failed to plead or otherwise defend against or respond to the Interpleader Complaint or the Amended Interpleader Complaint and the Third-Party Defendants have failed to plead or otherwise defend against or respond to the Third-Party Complaint.  See Miller Aff., ¶ 11 and 12.

10.    Neither of the Third Party Defendants are infants or incompetent persons.  See Miller Aff., ¶ 13.  L&L and Yerdon are not in the military service of the United States or its Allies, as defined in the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.  See Miller Aff., ¶ 14.

{B0478182; 1}

WHEREFORE, Iron Mountain Information Management, Inc. respectfully requests pursuant to Fed. R. Civ. P. 55 that the Clerk of this Court enter a default against Defendant L&L Temporaries, Inc. and Third-Party Defendants L&L Temporaries, Inc. and Susan Yerdon.

Dated: March 2, 2006

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**

By its attorneys,

/s/ Samual A. Miller
Larry L. Varn (BBO #508130)
Email: lvarn@sandw.com
Samual A. Miller (BBO #648568)
Email: smiller@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
Telephone: (617) 338-2800

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 2, 2006.

/s/ Samual A. Miller

- 4 -

{B0478182; 1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>L&L TEMPORARIES, INC., ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 05-10979-DPW |
| FLEXIBLE FUNDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>L&L TEMPORARIES, INC. and SUSAN YERDON,<br><br>Third-Party Defendants. | CIVIL ACTION No. 05-12071-DPW |

### AFFIDAVIT OF SAMUAL A. MILLER

I, SAMUAL A. MILLER, first being duly sworn, hereby depose and say:

1. I am an attorney-at-law of the Commonwealth of Massachusetts. I was admitted to practice law in Massachusetts on January 18, 2001, and I am a member in good standing

{B0478276; 1}

of the bar. Additionally, I am admitted to practice law before this Court and the United States Court of Appeals for the First Circuit.

2. I am an associate with the law firm of Sullivan & Worcester LLP in Boston, Massachusetts, and counsel to the Interpleader-Plaintiff, Defendant and Third-Party Plaintiff Iron Mountain Information Management, Inc. ("Iron Mountain"). Except where otherwise indicated, I make this affidavit from facts within my personal knowledge and I believe all matters set forth herein to be true, correct and complete.

3. On May 11, 2005, Iron Mountain filed the Complaint for Interpleader, Declaratory Judgment and Injunctive and Compensatory Relief (the "Interpleader Complaint") against L&L Temporaries, Inc. ("L&L") and another alleging, among other things, claims against L&L for breach of contract, misrepresentation and willful and knowing violations of Mass. Gen. Laws ch. 93A. The Interpleader Complaint was filed and entered on the docket of this case as **Docket Number 1**.

4. On May 16, 2005, the summons and a copy of the Interpleader Complaint were served upon L&L. The return of service evidencing service of the Interpleader Complaint was filed and entered on the docket of this case as **Docket Number 2**.

5. On June 9, 2005, Iron Mountain filed the First Amended Complaint for Interpleader, Declaratory Judgment and Injunctive and Compensatory Relief (the "Amended Interpleader Complaint") which asserted claims against L&L for, among other things, breach of contract, misrepresentation and willful and knowing violations of Mass. Gen. Laws ch. 93A. The Amended Interpleader Complaint was filed and entered on the docket of this case as **Docket Number 4**.

6. On June 15, 2005, the summons and a copy of the Amended Interpleader Complaint were served upon L&L. The return of service evidencing service of the Amended Interpleader Complaint was filed and entered on the docket of this case as **Docket Number 7**.

7. On December 9, 2005, Iron Mountain filed a Third-Party Complaint (the "Third-Party Complaint") against L&L and Susan Yerdon ("Yerdon" and, together with L&L, the "Third-Party Defendants") alleging, among other things, claims for misrepresentation, common law indemnification and willful and knowing violations of Mass. Gen. Laws ch. 93A. The Third-Party Complaint was filed and entered on the docket of this case as **Docket Number 25**.

8. On December 14, 2005, the summons and a copy of the Third-Party Complaint were served upon L&L. The return of service evidencing service of the Third-Party Complaint upon L&L was filed and entered on the docket of this case as **Docket Number 27**.

9. On December 16, 2005, the summons and a copy of the Third-Party Complaint were served upon Yerdon. The return of service evidencing service of the Third-Party Complaint upon Yerdon was filed and entered on the docket of this case as **Docket Number 28**.

10. The time within which (i) L&L was required to serve an answer or otherwise defend or respond to the Amended Interpleader Complaint and (ii) the Third-Party Defendants were required to serve an answer or otherwise defend or respond to the Third-Party Complaint has expired.

11. To date, L&L has failed to plead or otherwise defend against the Interpleader Complaint or the Amended Interpleader Complaint.

{B0478276; 1}

12. To date, the Third-Party Defendants have failed to plead or otherwise defend against the Third-Party Complaint.

13. Neither L&L nor Yerdon is an infant or an incompetent person.

14. To the best of my knowledge and upon information and belief, neither L&L nor Yerdon is in the military service of the United States or its Allies, as defined in the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

Signed under the pains and penalties of perjury, this second day of March 2006.

/s/ Samual A. Miller
Samual A. Miller