UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,
    Plaintiff,

    v.                                             CIVIL ACTION NO. 05-10979-DPW

L&L TEMPORARIES, INC., ET AL.,
    Defendants.
_____

FLEXIBLE FUNDING, LLC,
    Plaintiff,

    v.                                             CIVIL ACTION No. 05-12071-DPW

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,
    Defendant and Third-Party
    Plaintiff,

    v.

L&L TEMPORARIES, INC. and
SUSAN YERDON,
    Third-Party Defendants.

## NOTICE OF DEFAULT

WOODLOCK, D.J.

    Upon application of the Plaintiff for an Order of Default for failure of the **DEFENDANT L&L TEMPORARIEES, INC and THIRD-PARTY DEFENDANTS L&L TEMPORARIES, INC. AND SUSAN YERDON** to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendant has been defaulted **April 5, 2006.**

```
                            BY THE COURT,

                            /s/ Michelle Rynne
                            Deputy Clerk
```

April 5, 2006

Case 1:05-cv-10979-DPW    Document 32    Filed 04/05/2006    Page 2 of 6

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,
    Plaintiff,

                                                    CIVIL ACTION NO. 05-10979-DPW

    v.

L&L TEMPORARIES, INC., ET AL.,
    Defendants.
_____

FLEXIBLE FUNDING, LLC,
    Plaintiff,

    v.                                        CIVIL ACTION No. 05-12071-DPW

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,
    Defendant and Third-Party
    Plaintiff,

    v.

L&L TEMPORARIES, INC. and
SUSAN YERDON,
    Third-Party Defendants.

**STANDING ORDER REGARDING
<u>MOTIONS FOR DEFAULT JUDGMENT</u>**

WOODLOCK, District Judge

    A Notice of Default has been issued to the **DEFENDANT L&L TEMPORARIEES, INC and THIRD-PARTY DEFENDANTS L&L TEMPORARIES, INC. AND SUSAN YERDON** upon motion of the plaintiff in this action.

    In anticipation of a Motion for Default Judgment being

**1**

filed, it should be noted that this session has received numerous motions for default judgment which do not on their face comply with Fed. R. Civ. P. 55 principally because of the failure to provide affidavits (a) substantiating entitlement to the damages or remedy sought, (b) satisfying the Soldiers and Sailors Relief Act, and (c) demonstrating that no party against whom default is sought is an infant or incompetent person.

In an effort to deal with these procedural failings, certain procedural orders will apply in this session.  These orders represent an effort to prompt counsel to comply with the Rule regarding default judgment motions, expedite resolution of such motions and avoid the diversion of resources which individualized procedural orders dealing with particular cases require.

Accordingly, the following Standing ORDER Regarding Motions for Default Judgment will be observed in this session:

1.   A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits.  The moving party shall also submit an appropriate form of order in the fashion of the draft order attached hereto as Appendix A.  Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2.   Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the

default judgment motion and to request a hearing thereon;

    3.   The Court will take up the motion for default judgment on the papers at the conclusion of the 14-day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

    4.   Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER. If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket. Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

                                      By the Court,

                                      /s/ Michelle Rynne
                                      Deputy Clerk

Dated: April 5, 2006

Appendix A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| Plaintiff(s) | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| | ) ) ) | |
| Defendant(s) | ) | |

<u>FORM OF
DEFAULT JUDGMENT</u>

    Defendant_____ having failed to plead or otherwise defend in this action and its default having been entered,

    Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____; that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____, it is hereby

    ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant _____ the sum of $_____, with interest as provided by law.

                                 _____
                                 Deputy Clerk

Dated:_____